## Case No. 12,987.

### In re SMITH et al.

[13 N. B. R. (1876) 500.] 1

District Court, N. D. New York.

BANKRUPTCY—INDIVIDUAL AND PARTNERSHIP ASSETS—EXPENSES.

1. Where there are assets of a firm and of individual members thereof, each estate must pay its proportion of the entire expenses of administering the estate.

2. Where there are partnership assets, the firm creditors cannot share in the individual estate.

The bankrupts [Elijah E. Smith and George Smith] were co-partners under the firm name of E. E. Smith & Son, and were declared bankrupts under a petition in involuntary bankruptcy filed against the firm. The assignee filed a petition in court, inquiring whether the firm-creditors could share pari passu with the individual creditors of E. E. Smith, and alleging that there was no firm estate, and no solvent partner. An order for the individual creditors to appear and show cause was granted, and on the return day several of them appeared and joined issue, and the matter was referred to the register to take proofs, and report on the same with his opinion thereon to the court. The register filed the following report:

By D. F. GOTT, Register:

In pursuance of an order of this court bearing date April 6, 1875, in and by which I am directed to take the proofs offered by the parties, and report the same to this court, with my opinion as to whether or not the creditors who have proved their debts against the estate of the firm of E. E. Smith & Son, bankrupts, should be allowed to prove, or their present proofs stand good against the estate of Elijah E. Smith, one of said bankrupts, I respectfully report: That I have been attended by the parties and their counsel, and have taken all

1 [Reprinted by permission.]

the evidence offered before me, which is herewith returned:

The following facts are established from the evidence:

| | |
|---|---|
| The total receipts by the assignee from the estate of E. E. Smith & Son, are | $ 233 85 |
| From the individual estate of Elijah E. Smith | 3,162 42 |
| From the individual estate of George Smith | nothing |
| Total receipts | $3,396 27 |
| The total disbursements | 1,481 19 |
| Leaving balance in the hands of the assignee of | $1,915 08 |

Section 36 of the bankrupt act—section 5121, Rev. St. U. S.; [14 Stat. 534]—provides that the assignee "shall keep separate accounts of the joint stock or property of the co-partnership and of the separate estate of each member thereof, and after deducting out of the whole amount received by the assignee, the whole of the expenses and disbursements, the net proceeds of the joint estate shall be appropriated to pay the creditors of the co-partnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors." Under the provisions of this section, it is, I think, clear that where there are assets of a firm and of individual members of the firm, that each estate must pay its proportion of the entire expenses of administering the estate. This would leave in the hands of the assignee, after payment of all the expenses of administration, a fund belonging to the firm estate for distribution among the creditors of that estate. And such being the case, the firm creditors cannot share in the individual estate of Elijah E. Smith until his individual creditors are paid in full. In re McEwen [Case No. 8,783]; Story, Partn. § 380.

All which is respectfully submitted.

The assignee thereupon filed exceptions to the register's report.

Markham & Smith for the assignee, cited In re Knight, [Case No. 7,880], and cases cited; In re McEwen [supra], and cases cited; Lord Loughborough's order of March, 1794, given in 1 Mont. & A. Bankr. 748; Rules 76 and 113 under the English bankrupt act of 1869, published in Roche & H. Bankr. 523, 530; Ex parte Rutherford, 1 Rose, 201; Ex parte Longman, Id. 303.

L. C. Gardner and W. C. Ruger, for the individual creditors.

WALLACE, District Judge. Let an order be entered confirming the report of the register.